made. It was not until that time, the effective date of the most recent rate schedule published by the Board of Pilot Commissioners, that the shipowners and operators became exercised over the excessive pilotage charges and began their protests. Neither admiralty nor equity will protect those who sleep on their rights.

Reversed and remanded.

Hanrahan & Costello, New York City, for appellants.

Burlingham, Hupper & Kennedy, New York City, Adrian J. O'Kane, Robert F. Lynch, New York City, of counsel, for appellee.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

This appeal turns on findings of fact which may not be set aside unless clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. The decree is affirmed on the opinion below, reported in D.C., 166 F.Supp. 396.

**VICTORIAS MILLING CO., Inc., as owner of THE NONSUCO, Libellant-Appellant,**

v.

**THE GULFPORT, her engines, boilers, etc., and Gulf Oil Corporation, Claimant-Respondent-Appellee.**

**GULF OIL CORPORATION, as owner of THE GULFPORT, Cross-Libellant-Appellee,**

v.

**THE NONSUCO, her engines, boilers, etc., and Victorias Milling Co., Inc., Cross-Claimant-Respondent-Appellant.**

Nos. 128, 129, Dockets 25272, 25273.

United States Court of Appeals Second Circuit.

Argued Dec. 3, 1958.

Decided Dec. 15, 1958.

**James R. RUSSELL, Jr.,**

v.

**The MONONGAHELA RAILWAY COMPANY, a Corporation, Appellant.**

**No. 12600.**

United States Court of Appeals Third Circuit.

Argued Oct. 9, 1958.

Decided Dec. 30, 1958.

